UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA,

v.

EDGAR MEDINA; ALIJAH PARSONS; ANDRES GARAY; IRVING MEDINA; and RONALD HALL,
Defendants.

C.A. No. 21-CR-62-JJM-PAS

## ORDER

The Court addresses Defendants Edgar Medina, Irving Medina, and Andres Garay's Motions to Exclude Evidence (ECF Nos. 120, 121, 127), to wit: the instant messages between Defendant Ronald Hall and his girlfriend, "Trelly" on June 1, 2021, which purport to state, "I called you" and "Phone off for a couple of minutes. Had to shut it off to be safe." The Defendants assert that these are hearsay statements that should be excluded, and they do not constitute a Fed. R. Evid. 801(d)(2)(E) exception because they were not made "in furtherance" of a conspiracy. The Court agrees that these statements were not made in furtherance of a conspiracy and therefore are not admissible under 801(d)(2)(E).

However, the Government correctly points out that Mr. Hall's statement is not hearsay as an opposing party's statement and therefore admissible against Defendant Ronald Hall. Fed. R. Evid. 801(d)(2)(A). The statement is admissible

against Mr. Hall, but not admissible against the remaining defendants.[1] The Court limits the use of the instant messages as to Mr. Hall and will give a limiting instruction to safeguard the jury's consideration of the evidence against any "spillover effect," as to any other Defendant. *See United States v. Ofray-Campos*, 534 F.3d 1, 35 (1st Cir. 2008); ECF No. 157 at 11.[2]

The Court GRANTS Defendants' Motion Exclude the instant messages as to defendants other than Mr. Ronald Hall, as stated above. ECF Nos. 120, 121, and 127.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

July 20, 2023

---

[1] Mr. Hall did not move to exclude the statements.
[2] There is no issue presented by *Burton v. United States*, 391 U.S. 123 (1968) because the instant messages are not testimonial.